DAVID LOPEZ (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. | PO Box #323
Southampton NY 11969-0323
631.287.5520 | DavidLopezEsq@aol.com

MIRIAM TAUBER (MT-1979)
885 Park Ave. #2A
New York NY 10075
323-790-4881 | MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>　　Plaintiff,<br><br>v.<br><br>1347 PROPERTY INSURANCE HOLDINGS, INC.,<br><br>　　Nominal Defendant,<br><br>and<br><br>HALE PARTNERSHIP CAPITAL MANAGEMENT, LLC,<br>HALE PARTNERSHIP CAPITAL ADVISORS, LLC,<br>HALE PARTNERSHIP FUND, L.P.,<br>CLARK – HALE FUND, L.P.,<br>SMITH – HALE FUND, L.P.,<br>DICKINSON – HALE FUND, L.P.,<br>STEVEN A. HALE II,<br><br>　　Defendants. | No. 20-CV-10306 _____<br>(ECF Case)<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**THE PLAINTIFF**, by David Lopez, Esq., and Miriam Tauber, Esq., her attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

## JURISDICTION:

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. §78aa.

## THE PARTIES AND VENUE:

2. Plaintiff is a security owner of 1347 Property Insurance Holdings, Inc. ("1347"), a Delaware corporation with principal offices and domicile at 970 Lake Carillon Drive, Suite #314, Saint Petersburg, Florida 33716.

3. At all times relevant the common stock of 1347 was registered under Section 12(g) of the ACT and was and is traded through the facilities of the NASDAQ Stock Market LLC, located within this district conferring venue upon this court.

4. This action is brought in the right and for the benefit of 1347, which is named as a nominal party Defendant solely in order to have all necessary parties before the Court.

5. Hale Partnership Capital Management, LLC ("HALE ADVISOR") is a North Carolina Limited Liability Company and is the Investment Manager of the Hale Funds.

6. At September 15, 2020, prior to the sale event to be described herein, HALE ADVISOR was the beneficial owner of 1,130,152 shares of the common stock of 1347, more or less, or 18.5% of the total outstanding.

7. Hale Partnership Capital Advisors, LLC ("HALE G.P.") is a North Carolina Limited Liability Company and is the General Partner of the Hale Funds.

8. At September 15, 2020, prior to the sale event to be described herein, HALE G.P. was the beneficial owner of 687,718 shares of the common stock of 1347, more or less, or 11.3% of the total outstanding before group aggregation.

9. Hale Partnership Fund, L.P. ("HALE FUND I") is a Delaware Limited Patrnership and an investment fund.

10. At September 15, 2020, prior to the sale event to be described herein, HALE FUND I was the beneficial owner of 527,499 shares of the common stock of 1347, more or less, or 8.7% of the total outstanding before group aggregation.

11. MGEN II – Hale Fund, L.P. ("HALE FUND II") is a Delaware Limited Partnership and is an investment fund.  Plaintiff has not identified any short-swing trading by it and it is not a party to this suit but is a member of a group consisting of it plus all defendants.

12. At September 15, 2020, prior to the sale event to be described herein, HALE FUND II was the beneficial owner of 30,558 shares of the common stock of 1347, more or less, or 0.5% of the total outstanding before group aggregation.

13. Clark – Hale Fund, L.P. ("HALE FUND III") is a Delaware Limited Partnership and is an investment fund.

14. At September 15, 2020, prior to the sale event to be described herein, HALE FUND IV was the beneficial owner of 90,135 shares of the common stock of 1347, more or less, or 1.5% of the total outstanding before group aggregation.

15. Smith – Hale Fund, L.P. ("HALE FUND IV") is a Delaware Limited Partnership and an investment fund.

16. At September 15, 2020, prior to the sale event to be described herein, HALE FUND IV was the beneficial owner of 25,718 shares of the common stock of 1347, more or less, or 0.4% of the total outstanding before group aggregation.

17. Dickinson – Hale Fund, L.P. ("HALE FUND V") is a Delaware Limited Partnership and is an investment fund.

18. At September 15, 2020, prior to the sale event to be described herein, HALE FUND V was the beneficial owner of 26,614 shares of the common stock of 1347, more or less, or 0.3% of the total outstanding before group aggregation.

19. HALE FUND I, HALE FUND II, HALE FUND III, HALE FUND IV and HALE FUND V (collectively, the "HALE FUNDS") are managed by HALE ADVISOR.

20. The HALE FUNDS all have the same general partner, HALE GF.

21. HALE ADVISOR and HALE GF are managed by MR. HALE.

22. The HALE FUNDS, HALE ADVISOR, HALE GF and MR. HALE, at all relevant times, had respective pecuniary interests in their beneficially owned shares of 1347., either through direct ownership of 1347 Common Stock or through non-exempt performance-based fees derived from management of those investments.

23. The HALE FUNDS, through their unitary or common management, acted in concert between at least April 9, 2020, and September 15, 2020, to employ their combined share ownership of 1347 Common Stock to influence the management of 1347. In their joint Schedule 13D/A, Amendment # 4, with a filing date of April 9, 2020, relating to their investments in 1347, the Defendants stated, *inter alia*:

> "The Reporting Persons may engage in discussions with the independent members of the Company's Board of Directors, the independent members of the Board of Directors of Ballantyne Strong Inc., the independent members of the Board of Directors of BK Technologies Corporation, other shareholders of the Company, management and advisors of the FedNat Holding Company, and other relevant parties, including representatives of any of the foregoing, concerning the Reporting Person's investment in the Common Shares and the Company. These discussions could include, without limitation, matters concerning the Company's business operations, board appointments, affiliated transactions and potential conflicts of interest with affiliated parties. These discussions could also involve historical governance, management, fundamental operating performance (including revenues and earnings) of publicly traded companies for the period in which the co-chairmen of the Company were in charge of those companies. Of particular concern to the Reporting Persons is the pattern shown in public

companies controlled by the Company co-chairmen of (a) enterprise value and market capitalization deterioration, (b) poor performance of capital allocation among affiliated parties, and (c) levels of compensation paid to the Company's co-chairmen by these companies, especially as such items have materially increased the risks inherent to minority shareholders. The Reporting Persons' concerns are based, in part, on the historical performance of Ballantyne Strong, Inc. and BK Technologies Corporation and the prices for their common shares under control by the Company's co-chairmen. The historical performance cited above occurred prior to market disruption and uncertainty caused by the coronavirus pandemic, which has now magnified the concern.

The Reporting persons may exchange information with any persons pursuant to appropriate confidentiality or similar agreements or otherwise work together with any persons pursuant to joint agreement or otherwise, propose changes in the Company's business, board appointments, governance, management, capitalization, strategic plans, or propose or engage in one or more other actions set forth herein.

The Reporting Persons may also propose to take one or more of the actions described in subparagraphs (a) through (j) of Item 4 of 17 C.F.R. § 240.13d-101 and may discuss such actions with the Company and the Company's management and the board of directors, other stockholders of the Company and other interested parties."

24. Such action in concert constituted the HALE FUNDS and their common management a group within the meaning of the ACT (the "GROUP"), and each member of the the GROUP, individually, the beneficial owner of all shares owned by other members of the GROUP for purposes of determining whether they, as a group, constituted a more-than-10% beneficial owner of 1347 common stock, and constituted each of them, individually, also a more-than-10% beneficial owner.

25. All Defendants reported their holdings under Section 13(d) on a single Form 13D and six single Forms 13D/A in joint filings.

**STATUTORY REQUISITES:**

26. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

27. Demand for prosecution was made on 1347 on September 18, 2020. More than 60 days have expired. By letter dated December 3, 2020, Vinson & Elkins, legal counsel to 1347 have denied that any liability exists and have indicated that 1347 will not act to recover any of the profits at issue. Further delay in the initiation of suit would be a futile gesture.

28. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C 78p(a), Section 16(a) of the ACT, setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**BACKGROUND:**

29. At a time unknown to the Plaintiff, but within six months of September 15, 2020, the fact being discoverable, the GROUP, through MR. HALE, HALE ADVISOR and HALE G.P., entered into discussions and negotiations with the management and/or the Board of Directors of 1347. The culmination was an agreement dated September 15, 2020 (the "AGREEMENT") whereby 1347 would purchase all shares held by all members of the GROUP in exchange for $2,752,617 in cash, and 330,231 shares of the common stock of FedNat Holding Company (the "FEDNAT STOCK"). Also paid as additional consideration were: (i) a 5-year standstill agreement whereby neither the GROUP nor any of its members would purchase shares of 1347 for a period of 5 years; and (ii) a purported release of liability of all members of the GROUP from liability under Section 16(b) of the Securities Exchange Act of 1934.

30. The allocation of transaction consideration among members of the GROUP is set forth in Exhibit A to the Purchase Agreement, which appears as Exhibit A to the GROUP'S Schedule 13D/A (Amendment #6), dated September 17, 2020.

31. The value of the FEDNAT STOCK is undetermined and will require discovery of underlying data and expert analysis.

32. The value of the standstill agreement is undetermined and will require expert analysis.

33. The purported release of liability under Section 16(b) is void as a matter of law under Section 29 of the Securities Exchange Act and is worthless.

### FIRST CLAIM FOR RELIEF:

34. All that has gone before is realleged as though set out in full here.

35. On or about September 15, 2020, all members of the GROUP, acting in concert with one another and with all, sold all shares of 1347 owned by each of them for consideration as described at paragraphs 29, 30, 31, 32 and 33, *supra*.

36. Within periods of less than six months of September 15, 2020, HALE FUND I purchased 61,042 shares of 1347 Common Stock more or less at prices lower than the sale price received.

37. Within periods of less than six months of September 15, 2020, HALE FUND III purchased 871 shares of 1347 Common Stock more or less at prices lower than the sale price received.

38. Within periods of less than six months of September 15, 2020, HALE FUND IV purchased 25.718 shares of 1347 Common Stock more or less at prices lower than the sale price received.

39. Within periods of less than six month of September 15, 2020, HALE ADVISOR purchased 22,980 shares of 1347 Common Stock more or less at prices lower than the sale price received.

40. The foregoing purchases and sales within periods of less than six months while each named GROUP member was an insider of 1347 generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiff. The precise amount to be recovered will ned to be determined through discovery, expert analysis and an accounting.

### SECOND CLAIM FOR RELIEF:

41. This Second Claim for Relief is a precaution against possible errors of detail attributable to the failure of the GROUP and every member thereof to comply with its and their obligations to file reports of their trading activity in shares of 1347 Common Stock with the Securities & Exchange Commission pursuant to Section 16(a) of the ACT, inaccuracies in what there is of a public record or the discovery of additional trades during the course of this action.

42. HALE FUND I, HALE FUND III, HALE FUND IV, HALE FUND V and HALE ADVISOR as shareholders and HALE ADVISOR, HALE G.P. and MR. HALE as recipients of non-exempt performance-related fees, acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of 1347 within periods of less than six months of each other while more-than 10% beneficial owners of 1347, including but not limited to the transactions pleaded in the First Claim For Relief.

43. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of 1347, they realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of 1347.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring HALE FUND I, HALE FUND III, HALE FUND IV, HALE FUND V and HALE ADVISOR as shareholders and, as recipients of performance-related fees, HALE ADVISOR, HALE G.P and MR. HALE, to account for and to pay over to 1347 the short-swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: Southampton NY
December 7, 2020

    Yours, etc.

    *s/ David Lopez*

    _____
    David Lopez, Esq. (DL-6779)
    Miriam Tauber, Esq. (MT-1979)

    *Attorneys for Plaintiff*